PJG Consent SSA (Rev 09/02/20)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thresia Brock, ) | C/A No. 0:19-3090-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, ) | |
| ) | ☒ Affirmed |
| Defendant. ) | ☐ Reversed and Remanded |
| ) | |

   This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒ Supplemental Security Income ("SSI")

  Application date: <u>March 18, 2016</u> Plaintiff's age at filing: <u>51</u>

☐ Disability Insurance Benefits ("DIB")

  Date last insured:

☐ Other:

Plaintiff's Year of Birth: <u>1965</u>

Plaintiff's alleged onset date: <u>October 24, 2013</u>

**Part II—Social Security Disability Generally**

   Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

   A claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d

1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  November 21, 2018

In applying the requisite five-step sequential process, the ALJ found:

Step 1:  Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:  ☒ Plaintiff has the following severe impairments:

diabetes mellitus, lymphadenitis, migraines, chronic pain syndrome, major depressive disorder, and anxiety.

☐ Plaintiff does not have a severe impairment.

Step 3:  ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:  Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) and the following:  the claimant is limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently, sitting, standing, and walking for six hours each in an eight hour day, pushing and pulling as much as she can lift and carry, occasional climbing of ramps and stairs, no climbing of ladders, ropes, or scaffolds, occasional balancing, and frequent stooping, kneeling, crouching, and crawling.  The claimant can frequently be in an environment with unprotected heights and moving mechanical parts frequently.  The claimant can sustain concentration, persistence, and pace sufficient to perform simple, routine tasks.  The claimant is limited to simple work-related decisions.

Step 5:  ☐ Plaintiff could return to his/her past relevant work.

☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

office helper, DOT Code 239.567-010, SVP 2, light and unskilled work, of which there are 165,000 such jobs in the national economy; marker or tagger, DOT Code 209.587-034, SVP 2, light and unskilled work, of which there are 70,000 such jobs in the national economy; and, mail clerk, DOT Code 209.687-026, SVP 2, light and unskilled work, of which there 110,000 such jobs in the national economy.

Date of Appeals Council decision:  October 9, 2019

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were

reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

1. The RFC assessment must reflect all limitations the ALJ finds the claimant has.  The ALJ here found Brock has limitations in social functioning but did not fully account for those limitations in the RFC.  The ALJ's failure to account for any limitation in social functioning without explanation cannot form a basis for the mental residual functional capacity finding.

2. The RFC assessment must reflect a reasoned evaluation of all of the evidence.  In determining Brock's RFC, the ALJ failed to conduct a correct evaluation of the opinion of Drs. Pendergrass and Simons.  An unexplained and incomplete RFC assessment cannot form the basis of a disability decision.

3. The ALJ is required to provide good reasons for discrediting the opinion of a treating physician.  In rejecting Dr. Pendergrass's November 2015 and March 2017 opinions the ALJ mischaracterized the objective evidence upon which he relied.  When the ALJ's reasons for rejecting Dr. Pendergrass's opinions are not supported by the evidence, there are not good reasons for discrediting such opinion.

**Oral Argument**

☒ **Held on September 8, 2020.**

☐ **Oral argument not necessary for disposition**

**Summary of Reasons**

Read as a whole, the decision shows that the ALJ considered extensively the evidence in the record regarding the plaintiff's social functioning.  (See Tr. 49-50, 52-53, 54, 55-56, 57.).  The ALJ considered the entire medical record, including her "grossly conservative and routine in nature" mental health treatment; her testimony that she could get along with others; the fact that the record did not include any problems interacting with professionals; the agency opinions that she had only mild difficulties; the prior ALJ decision that he gave great weight that included no limitations; and the opinions of Drs. Pendergrass and Simons that she had adequate capacity to relate to others.

Although the ALJ gave Brock the benefit of the doubt regarding her social functioning at Step 3 of the sequential process when considering whether her social functioning issues would meet a Listing, the decision reflects a logical bridge from the extensive evidence—including from her treating physicians—that she could relate well to others to the ALJ's conclusion that she did not require any limitations in that regard when he formulated her residual functional capacity at Step 4.  Cf. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (remanding where the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion") (citation omitted); Mascio v. Colvin, 780 F.3d 632, 636-37 (4th Cir. 2015) (holding remand may be appropriate when the courts are left to guess at how the ALJ arrived at the conclusions and meaningful review is frustrated).  Even accepting Plaintiff's argument that Drs. Pendergrass and Simons's opinions suggested that Plaintiff had a "poor" ability to complete simple, routine tasks, there is nonetheless substantial evidence to support the ALJ's finding that Plaintiff could perform simple, routine tasks. (Tr. 53, 57) (giving great weight to the prior decision, which included a finding that Plaintiff could perform simple, routine tasks; Drs. Sorrow and Rowland's opinions that Plaintiff could perform a range of simple work-related tasks; and the state agency examiners' opinions that Plaintiff could perform simple, routine tasks).  Thus, evidence from several medical experts supports that finding, and although there was some evidence that she was more limited in that respect, it was within the ALJ's purview to weigh that conflicting medical evidence and credit that which he found more persuasive.  See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

Finally, in rejecting Dr. Pendergrass's opinions from 2015 and 2017, the ALJ applied the requisite factors under the law and gave sound reasons for discounting them, as opposed to the joint opinion of Drs. Pendergrass and Simons from 2016, which he gave great weight.  See 20 C.F.R. § 416.927(c) (detailing the factors for weighing medical opinion evidence); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (providing that in the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion and that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight") (citations omitted); (see also Def.'s Br. at 17-18, ECF No. 13 at 17-18).

## ORDER

☒      **Affirmed for the reasons stated on the record.  Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐      **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) with the following instructions:**

☐      **Reversed and remanded for an award of benefits.**

PJG Consent SSA (Rev  09/02/20)
_____

**IT IS SO ORDERED.**

September 14, 2020  　　　　　　　　　　Paige J. Gossett
Columbia, South Carolina  　　　　　　　UNITED STATES MAGISTRATE JUDGE